340 So.2d 151 (1976)
STATE of Louisiana
v.
Freddie DUHON.
No. 57791.
Supreme Court of Louisiana.
September 13, 1976.
Rehearing Denied November 8, 1976.
Louis D. Bufkin, McHale & Bufkin, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Affirmed.

APPLICATION FOR REHEARING
In his application for rehearing, defendant Freddie Duhon has expressed concern that this court, by its summary affirmance of his conviction and sentence, did not adequately review the issues raised in his appeal. In response to defendant's contention, we take this opportunity to explain the procedure recently instituted by this court in which certain criminal cases will be placed on a summary docket and decided summarily, after hearing, without written reasons therefor.
The summary docket system works as follows:
(1) After an appeal has been lodged with this court and the original thirty days given to defense counsel in which to file brief have passed,[1] the record, together with any brief filed, is reviewed.
(2) If there is a tentative determination that a case should be placed on the summary docket, the case is further reviewed by a member of the court who makes a final determination on placing the criminal appeal on the regular or summary docket.
(3) If the case is calendared on the summary docket, a letter is sent to the defense attorney explaining that on the basis of preliminary analysis, the court has tentatively concluded that it will decide the case summarily and without written opinion. *152 The attorney is informed that he may appear on the calendar day reserved for the summary docket and offer additional argument.
(4) Memoranda, discussing the merits of the assigned errors, and any possible errors patent on the face of the record, are then prepared for each case on the summary docket and are distributed to the seven justices approximately ten days in advance of argument. These memoranda together with the briefs are studied by each justice and the record reviewed as necessary.
(5) On the summary docket calendar day, argument is heard from those defense attorneys who appear; the cases are then discussed by the seven justices in conference. If at least two of the seven justices determine that the issues presented in the case merit a written opinion by this court, the case is assigned by allotment not unlike any other case. The other cases are decided summarily.
(6) As a check on possible error by this court, defense counsel as in any other criminal appeal has an opportunity to apply for a rehearing. The application for rehearing is discussed in conference.
The cases selected for the summary docket are those which, in the opinion of the court, relate only to well-established rules of law adequately covered in earlier decisions. A written opinion in such cases would add little to the jurisprudence of this state. The fact that written reasons are not published does not mean that the merits of these cases are not researched and considered before a decision is made. We consider that the new procedure employed by this court satisfies the requirement of an adequate appellate review.
The appeal in this case has been subject to the procedure set forth above. Moreover, we find no merit in the contentions raised in defendant's application for rehearing. Hence, the rehearing is denied.
SUMMERS, J., dissents for the reasons assigned by dissent in State v. Hill, La., 337 So.2d 512, filed October 5, 1976.
NOTES
[1] If defense counsel requests an extension of time in which to file his brief, or files his brief late, in some cases the decision as to whether to place the criminal appeal on the regular docket will be made without benefit of brief.