**Reuben TACKNO, Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

No. 77–3466
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 28, 1978.

Reuben Tackno, pro se.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., Brian G. Meissner, Asst. Dist. Atty., Harry F. Connick, Dist. Atty., New Orleans, La., for respondent-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of this Louisiana state prisoner for the writ of habeas corpus. We affirm.

The appellant is serving a 33 year sentence for armed robbery. Prior to trial, he filed motions to suppress physical evidence and evidence of identification which he claimed were seized in an illegal search. The trial court overruled the motions and appellant properly preserved the issues for appeal. His direct appeal was placed on the Summary Docket of the Louisiana Supreme Court and the conviction was affirmed. *State v. Tackno,* 345 So.2d 46 (La.1977).

In his habeas petition filed below, the appellant contends that: (1) the trial court erroneously admitted the illegally seized evidence and, (2) the Louisiana Supreme Court failed to provide a full and fair review of the issue. Appellant alleged that his direct appeal had been pending for two years when he received a letter from the clerk of the Louisiana Supreme Court that his hearing was scheduled for argument within a month, but counsel had not yet filed a brief. Counsel's brief was filed six days prior to argument and appellant's pro se brief was filed one day later. Appellant argues that the late filing of counsel's brief and the summary treatment of the appeal rendered the appellate review inadequate. The district court denied the petition, finding that the procedures followed by the Louisiana Supreme Court provided an adequate review.

In *Stone v. Powell,* 1976, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, the United States Supreme Court held that Fourth Amendment claims do not require federal habeas corpus consideration where the state

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**1384**

has provided an opportunity for full and fair litigation of the claim. Therefore, if appellant had full and fair consideration of the search and seizure issue on his direct appeal, the merits of the search issue need not be considered by the federal courts.

The opinion of the Louisiana Supreme Court in *State v. Duhon,* 340 So.2d 151 (La.1976) explains its summary docket system. The system does not constitute a deprivation of a full and fair appeal. Under the facts of this case, appellant has not shown that the adequacy of the appeal was diminished by the late filing of counsel's brief. Since the state gave full and fair consideration to the search and seizure issue, the district court did not err in declining to review the issue anew. The judgment below is affirmed.