ON APPLICATION FOR REHEARING
PER CURIAM.
Defendant, William S. Light, was charged by grand jury indictment with first degree murder. This indictment was amended by the district attorney to charge second degree murder in violation of R.S. 14:30.1.
Defendant was in Charlie’s Lounge in Shreveport when the victim and three friends, all off-duty police officers, entered. *650 The policemen were celebrating the forthcoming marriage of one of the group. A conversation began between the policeman and the defendant. The five left the lounge followed by two other customers with whom defendant had been speaking earlier in the evening; one of these men took a pool cue with him. Outside the lounge a fight developed between the two groups. One witness testified that defendant bumped into the victim who then took a swing at defendant. There was a short scuffle and then the victim and two of his friends entered their car to leave the premises with the victim in the back seat of the car. The man with the pool cue prevented the driver of the car from entering it. A shot was fired and defendant was seen standing by the rear window of the car with smoke coming up in front of him. The driver was allowed to enter the car and the group left for the hospital. The victim was dead on arrival at the hospital.
Following the procedure established by this Court, defendant’s case was screened and assigned to the summary docket. For a discussion of this full screening and summary docket procedure see State v. Duhon, 340 So.2d 151 (La.1976, on rehearing). The case was set for oral argument on June 30, 1980, but was submitted on briefs. The Court rendered a unanimous per curiam affirmance of defendant’s conviction, 386 So.2d 364 (La.).
Defendant applies for a rehearing and reurges all of the original assignments of error, fourteen in number, and especially directs the attention of this Court to assignments of error numbers five and ten regarding the allegedly inflammatory nature of the state’s closing and rebuttal arguments.
La.C.Cr.P. art. 774 provides that the argument shall be confined to the evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. In the instant case the prosecutor, in response to the defense attorney’s vindication of his client’s motorcycle attire, referred sarcastically to clothing worn by the victim as a full dress combat uniform with an M-16; and said that he would be willing to bring into the courtroom the blood soaked clothing of the victim. After the defense objection to this reference as being outside the evidence was sustained, the prosecutor responded that it was reasonable to assume that the clothing of someone who had been shot through the head would be soaked with blood. On several occasions, the prosecutor skirted the edge of contempt by interrupting when defense counsel was making an objection and by being impertinent with the judge after a ruling. The prosecutor also addressed several personal remarks to the defense attorney. Thus, the prosecutor’s closing and rebuttal arguments were in several instances clearly improper. Closing argument is not the time to vent personal feelings or express animosity toward the defendant, the defense attorney or the court. Counsel clearly flirted with reversible error.
Nevertheless, it is well settled that, before a verdict will be overturned on the basis of improper argument, this Court must be thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Carthan, 377 So.2d 308 (La.1979); State v. Lee, 364 So.2d 1024 (La.1978); State v. Berain, 360 So.2d 822 (La.1978); State v. Crumholt, 357 So.2d 526 (La.1978). We deny the rehearing in the instant case because we are not convinced that the remarks so inflamed the jury that it was incapable of making an unaffected and independent determination of defendant’s guilt. The defendant’s own testimony established his guilt.
REHEARING DENIED.
DENNIS, J., would grant a rehearing.