DENNIS, Justice.
The defendant, Jesse L. Cavaness, was convicted of forcible rape after a trial by jury, adjudged a second felony offender pursuant to La.R.S. 15:529.1, and sentenced to forty years imprisonment at hard labor. Defendant appealed to this court on the basis of eight assignments of error.
Pursuant to the internal procedure employed by this court, this case was screened and placed on our summary docket calendar for oral argument.[1] Subsequent thereto at least two justices were of the view that the case presented an issue requiring a written opinion because it appeared that the trial judge had ruled certain testimony of a defense witness inadmissible on the basis of our “rape shield statute,” La.R.S. 15:498. However, further examination of the record reflects that this statute is not at issue in this case because the trial judge’s ruling was not based on it; rather, he sustained the state’s objection to the testimony of the defense witness because he found that it was not relevant to any material issue in the case.
The victim of the rape testified that the defendant had approached her at the Hitching Post bar, informed her that one of her companions was in trouble outside, and then raped her after she had followed him outside the bar to investigate. According to defense counsel’s colloquy with the trial judge while the jury was excused, the manager of the Hitching Post would have testified that he had seen the victim and her companion approach men in the bar for drinks and that they had on one occasion collected a cover charge at his establishment without his authorization. The trial judge did not abuse his discretion in excluding this testimony from the jury; that the victim had asked other bar patrons to buy her drinks on other occasions or had collect *78 ed an unauthorized cover charge does not tend to prove that she approached the defendant or that she consented to sexual intercourse with him. La.R.S. 15:441.
Finding no error in the trial judge’s ruling, nor any merit in the other assignments of error raised by the defendant, we affirm his conviction and sentence.
AFFIRMED.
LEMMON, J., dissents.

. For a discussion of the procedure employed by this court in screening appeals and assigning them to the summary docket see State v. Duhon, 340 So.2d 151 (La. 1976), as modified by State v. Montgomery, 362 So.2d 769 (La.1978).