LOBRANO, Judge.
Defendant, Michael Loving, was indicted by the Orleans Parish grand jury for the March 24, 1981 aggravated rape (La.R.S. 14:42)[1] and armed robbery (La.R.S. 14:64)[2] of Evelyn Pierre. Defendant filed motions to suppress an oral inculpatory statement[3] and an identification. Both were denied. Defendant requested trial by jury. On February 2, 1982, a twelve man jury returned the responsive verdicts of guilty of forcible rape[4] and guilty of simply robbery.[5] On June 4, 1982, the defendant was sentenced to forty years (40) for the conviction under R.S. 14:42.1 and seven years (7) for the R.S. 14:65 conviction. Thereafter, *963 the State filed a multiple bill charging the defendant as a second offender under R.S. 15:529.1, on the basis of a plea entered a year earlier to a charge of second degree battery. The previous sentences were set aside and the defendant was re-sentenced to serve forty-seven (47) years with credit for time served.
Defendant has briefed no specific assignments of error. Assignments of error neither briefed nor argued are deemed waived on appeal. State v. Kenner, 384 So.2d 413 (La.1980). Defendant requests the court to review the record for errors patent as required by La.C.Cr.P. Art. 920(2). The recent case of State v. Raymo, 419 So.2d 858 (La.1982), also requires review of a record for “sufficiency of evidence” under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and State v. Edwards, 400 So.2d 1370 (La.1981), notwithstanding the fact that counsel has neither moved for a directed verdict or a new trial, nor filed a formal assignment of error. Accordingly, this record has been so reviewed.
The grand jury indictment was in proper form and signed by the foreman. The trial court acted appropriately in that the defendant was present and represented by counsel at his arraignment, pre-trial motions, jury selection and trial. The composition of the jury was proper as required by C.Cr.P. Art. 782 as well as the eleven to one vote to convict on both counts. Both verdicts were responsive to the charges. The sentences were the maximum allowable by the law and all appropriate delays were accorded the defendant in accordance with statutory parameters. As to the “sufficiency of the evidence”, the following facts and testimony were adduced at trial:
Evelyn Pierre, a fifty eight year old widow and mother of three adult children, testified that on February 24, 1981 she contracted with Albert Francis for renovation work on her house. One of Francis’ employees was the defendant, Michael Loving. On March 23, 1981, Loving and a second employee were working on the house. Mrs. Pierre offered both men coffee that morning. Loving refused the coffee saying it stained his gold teeth. At approximately 11:45 a.m., Mrs. Pierre left for her job as a beautician. On her way to work, she met Loving as he was walking towards a neighborhood grocery store, and they had a brief conversation. Some time after her return home that evening at approximately 7:40 p.m. Michael Loving rang her doorbell. He stated that earlier that day while painting her closet he had lost his wallet. Mrs. Pierre allowed Loving into her house, offering to help him search for the missing wallet. They went to the second bedroom and searched the two closets. Mrs. Pierre then walked across the kitchen into the den; Loving was in the utility room. He ran and jumped upon her, put his hands around her throat and threw her to the floor. He demanded money. She told him she had no money and he began slapping her in the face. Loving then grabbed a coat hanger put it around her neck and dragged her over to a love seat covered with a spread. He removed his penis and told her to massage it; she refused. He then removed his clothes, threw her on the floor and started slapping her again. He pulled her pants and shirt off then threw the spread on the floor, telling her to get comfortable and act like she was enjoying it. He then raped her. After he raped her, Loving threatened her with a broken ashtray and demanded all her jewelry and money. She gave him $15.00 and he left. Loving had been in the Pierre home for 2 to 3 hours. Mrs. Pierre contacted her employer, the sister of Albert Francis, to find out the name of her assailant. Albert Francis testified he was called by his sister around 1:30 or 2:00 a.m. on March 25, 1981 and asked to go to Evelyn Pierre’s house. When he arrived she was nervous, crying and upset. She told him what happened. The chandelier and T.V. antenna was broken, things were thrown around the house and there was broken glass on the floor. Mrs. Pierre described her assailant as the man with the gold teeth that had been working on her house. Francis reported the rape to the police and gave them Michael Loving’s name. Mrs. Pierre was taken to Charity Hospital for examination. She had multiple superficial abrasions *964 on the back and legs and an eight and one half inch abrasion on the front of her right thigh, and swelling on the right side of her jaw. A vaginal swab was positive for seminal fluid and spermatoza. The N.O.P.D. crime lab examination of the bed spread taken from the scene revealed a seminal stain. The defendant was subsequently arrested.
Michael Loving testified that Evelyn Pierre made advances to him while walking to the grocery store that day and that she had invited him to come to her home that evening. After he arrived, they talked and watched T.V. and then she asked if he would like to have a relationship with an elderly woman, and took him to her bedroom. They then got into bed and had sex on the sheets. The conversation and sex took about one and one half hours. He denied slapping or choking the woman and said she was very happy and pleased. After they had sex, she gave him $15.00 for lunch money and went into the bathroom to wash up. While she was in the bathroom, he went through her drawers looking for more money and jewelry. She caught him doing this, became very angry and came after him slapping and scratching his face. He pushed her around and she fell. He then left and went home.
After a careful review of the record we conclude there are no errors patent. Reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of forcible rape and simple robbery were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Defendant’s conviction and sentence are affirmed.

. R.S. 14:42
Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or
(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon;

. R.S. 14:64
Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

. The statement was not introduced at trial.

. R.S. 14:42.1
Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

. R.S. 14:65
Simple robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.