ALFORD, Judge.
This is an appeal from a conviction and sentence in the Nineteenth Judicial District Court, Parish of East Baton Rouge, finding appellant Joel K. Woods guilty of violation of LSA R.S. 14:65.1, purse snatching. Appellant was initially charged by bill of information with simple robbery, LSA R.S. 14:65, which was subsequently changed to *1139 the purse snatching charge. Mr. Woods entered a plea of not guilty and waived his right to trial by jury. Upon finding appellant guilty as charged, the trial court sentenced him to confinement in the custody of the Department of Corrections for three (3) years.
At approximately 9:00 p.m. on April 8, 1980, Dixie Worby was walking to her car in the Cortana Mall parking lot. As she was approaching her car, an orange and white Ford Maverick came up behind her and an occupant of the car reached out and grabbed her purse and a shopping bag she was carrying. Ms. Worby notified the police and gave a description of the vehicle used in the incident.
Some five hours after the purse snatching, appellant and his half brother, Manual Brown, were arrested on another unrelated charge. During the course of the investigation of the unrelated charge, Ms. Worby’s bankcard was found in the possession of Mr. Brown. It later became apparent that appellant’s car matched the description given by the victim of the vehicle used in the purse snatching. A search of appellant’s vehicle resulted in the police finding the shoes which Ms. Worby was carrying in the shopping bag stolen from her at the time of the purse snatching. Shortly after his arrest, appellant allegedly gave an oral statement admitting his involvement in the purse snatching.
Appellant lists some four assignments of error but has only briefed and assigned for oral argument two assignments. We therefore consider the remaining assignments abandoned. State v. Van-derhoff, 415 So.2d 190 (La.1982).
Appellant submits that the trial court erred in ruling that the State laid a proper foundation for admitting into evidence a statement alleged to have been made by him.[1] The first assignment urged by appellant on this assignment is that there is no evidence, other than the controverted testimony of the investigating police officers, that appellant actually made an inculpatory statement. It is true that there is no recorded or written statement in the record and appellant did testify that he never made any statement. Essentially therefore, it is appellant’s word against that of the two police officers. Detectives Walsh and Devinney testified that after making sure appellant was aware of his rights through talking with him, appellant waived his right against self-incrimination and made a statement regarding the purse snatching.
The trial court ruled that the State had laid a proper foundation and allowed the statement into evidence, adding that, “whether or not the statement was, in fact, given will be a determination of this court in rendering its final decision herein.” Therefore, whether or not the statement was actually made is simply a fact question to be determined by the finder of fact, which in this case is the trial court. When reviewing the ruling of the trial court on a factual finding, great weight is placed upon the determination of the lower court because it had the opportunity to observe the witnesses and the credibility of their testimony. State v. Loyd, 425 So.2d 710 (La. 1982). We affirm the trial court’s ruling.
Appellant next argues that the statement, in the event that we find one was made, was obtained in violation of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Before a confession or inculpatory statement can be admitted into evidence, it must be established that the accused who makes the statement during a custodial interrogation was informed of his Miranda rights and that the statement was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. LSA R.S. 15:451; State v. Vacearo, 411 So.2d 415 (La.1982).
*1140 The defense contends that, shortly prior to appellant’s allegedly making the statement in question, he had refused to sign a waiver of rights form and that the interval between his refusal and when the officers questioned him about the purse snatching was so brief as to violate his constitutional rights under Miranda. It appears from the testimony that defendant was read his rights and questioned about another, unrelated incident, at which time he refused to sign the waiver of rights forms. Officer Walsh testified that, approximately an hour later, he questioned the defendant about the purse snatching after orally reviewing his Miranda rights with him. He stated that he was not aware that defendant had previously refused to sign the waiver form.
When an accused invokes his constitutional right to silence or right to counsel, the validity of any subsequent waiver depends upon the scrupulous honoring of that right by the police. Interrogation should cease. Miranda v. Arizona; State v. Manning, 380 So.2d 46 (La.1980). We will note that although the officers were unaware of the refusal to sign the form, they are held responsible for having such knowledge, although they were investigating different incidents. State v. Arceneaux, 425 So.2d 740 (La.1983).[2]
Defendant is certainly not precluded from later changing his mind and waiving his right against self-incrimination, but the State’s burden of proving such a waiver is a heavy one. State v. Manning. When the accused invokes his right to remain silent, the police are not completely barred under Miranda from further police initiative in communication as they would be after a request for counsel. Nevertheless, the police must scrupulously honor the right to cut off questions by the person in custody. The courts must look to the facts of each case and the precepts underlying Miranda to determine if the police engaged in conduct in obtaining a confession which destroyed the accused’s confidence in his right to cut off questioning. State v. Loyd.
From our review of the record, we find that the statement in question was freely and voluntarily made. In reviewing the trial court’s ruling on the admissibility of a confession, its conclusions on credibility are entitled to respect due those made by one who saw the witnesses and heard them testify. State v. David, 425 So.2d 1241 (La.1983). The trial court’s ruling will not be disturbed on appeal unless it is unsupported by evidence. State v. Vaccaro.
In the instant case, appellant makes no allegation that the police threatened or promised him anything in order to induce him to make a statement. Appellant does urge that the fact that he had been drinking, as was known to the officers, when viewed with the totality of the circumstances, may have affected the voluntariness of his statement. Intoxication can render a statement involuntary if it is of such a degree as to retard defendant’s comprehension and to render him unconscious of the consequences of what he is saying. State v. Vaccaro. However, although appellant said he was intoxicated, he admits that he knew what was going on.
We also find it reasonable that defendant may have chosen to invoke his right to silence concerning the burglary but did not choose to do so concerning the purse snatching. Considering the above factors, and the respect due a trial court’s ruling on the admissibility of a statement, we affirm the ruling of the trial court.
In appellant’s next assignment of error he asserts that there is insufficient evidence to support the verdict because the *1141 state failed to prove an essential element of the crime, that the defendant had the specific intent to commit the crime. Although there is an absence of either a motion for a new trial or a motion for acquittal, we will consider the evidence to determine whether it meets constitutional standards. State v. Washington, 421 So.2d 887 (La.1982).
A majority of the Louisiana Supreme Court has held that due process requires an appellate court to review the sufficiency of the evidence to determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, accepting the facts in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, cited above; State v. Edwards, 400 So.2d 1370 (La.1981).
Specific intent is defined by LSA R.S. 14:10(1):
Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
Specific intent, however, need not be proven as fact, but may be inferred from the circumstances of the transaction and the action of the defendant. State v. Boyer, 406 So.2d 143 (La.1981).
After reviewing the record, we find there is sufficient evidence to support the trial court’s conviction and sentence. In its oral reasons for judgment, the trial court relied on the testimony of the police officers that defendant did make a statement admitting that he, along with Brown, had pulled a purse snatching. Apparently, the trial court, as the finder of fact, concluded that the inculpatory statement had been made and took this into consideration when reaching its verdict.
The trial court found that the fact the defendant, the driver of the car, had approached the victim from behind, at a slow speed with his lights off and then sped off after the purse had been snatched, indicated specific intent on the part of defendant. Brown’s assertion that they did not discuss the crime before committing it is negated somewhat by his own admission that he told his probation officer the contrary. For the foregoing reasons, we find the trial court’s ruling sound. The assignment lacks merit.
AFFIRMED.

. The rules for governing the admissibility of confessions are inapplicable to admission involving the existence of criminal intent or in-culpatory fact. See, State v. McGraw, 366 So.2d 1278 (La.1978). There the court found the statement was not properly admitted into evidence.

. In State v. Arceneaux, 425 So.2d 740 (La.1983), the court held that once a defendant expresses his wish to deal with police only through counsel, all successive officers who deal with him are held to have knowledge of the fact and good faith is irrelevant. There, the Court found the statement should not have been admitted and reversed. Although the instant case deals with the right to remain silent, we find that both these rights are designed to protect the overall right against self-incrimination and this principle of law should apply to both. (It might be noted that in Arceneaux, the officers were only investigating one incident, unlike the instant case.)