ALFORD, Judge.
Defendant, Andrew King, was charged by bill of information with armed *251 robbery occurring on June 15, 1979, in violation of La.R.S. 14:64. Defendant plead not guilty and waived trial by jury. After a judge trial, he was found guilty as charged. He was adjudged a second offender at a habitual offender hearing. Defendant was sentenced to thirty-three (33) years at hard labor without benefit of probation, parole or suspension of sentence. He appeals his conviction and sentence, alleging four assignments of error. Assignment of error number 2 was not briefed and is therefore considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4.
About 11:00 p.m. on June 15, 1979, the cashier at the Stop and Go Store on Wood-dale Boulevard in Baton Rouge was closing the store when two males entered wanting to buy beer. When she told them she was closed, one man pulled a gun on the woman and grabbed the cash out of the register.
At the time of the robbery, an eye witness was using the pay telephone located on the outside of the Stop and Go Store. At trial he testified he saw the two men walk from around the side of the building and then enter the store. A few minutes later, one of the assailants exited the store and started walking toward the witness. When the witness gestured as if to say, “Do you want to use the phone? ”, the assailant, who the witness later identified as Andrew King, turned and joined the other robber who in the meantime had also exited the store. The two robbers then fled around the same end of the store from which they came. Seconds later, the cashier, noticeably upset, came out of the store yelling that she had been robbed. The witness who was using the telephone identified King at a picture lineup and at trial as one of the men he saw that evening. The victim also positively identified the defendant at a live lineup conducted a few weeks after the robbery. At trial, she again identified defendant as one of the robbers.
ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that the trial court erred in not suppressing the live lineup identification of him by the robbery victim. He claims this lineup was suggestive in that the officer handling the lineup (Officer Doughty) nodded in a negative manner when asked by the victim if the man holding number three was the robber.
A defendant attempting to suppress an identification must prove two things: (1) that the identification was “suggestive”, and (2) that there was a likelihood of mis-identification in the identification procedure. State v. Chaney, 423 So.2d 1092 (La.1982).
At the hearing on the motion to suppress, the State and defendant stipulated to the testimony of Kenneth Hall and Donald Stevenson, two of the men who participated in the lineup with King. Stephenson’s testimony would have been that he was number three in the lineup and that Officer Doughty shook his head and said no when the victim asked if he was the robber. Hall would have testified that he saw the officer shaking his head in a negative manner, although he did not hear the conversation.
The victim testified that there was no suggestion made to her regarding which man to choose. She did identify King, who was holding number one, as one of the men who robbed her. Also, she indicated number three was familiar because he often came into the store where she previously worked.
Officer Doughty stated the victim started to ask a question regarding one of the men. He said he raised his hands to his side and said he could not answer any questions at that time. He did not recall nodding his head in a negative manner.
Furthermore, defendant’s own testimony corroborates that of the police officer. King stated he could not hear the conversation between the officer and the victim and the only thing he observed was the officer moving his hands.
Considering all the testimony, we conclude that the trial judge was correct in finding that the lineup was not suggestive and that defendant’s rights were not violat *252 ed. Furthermore, after applying the Manson analysis, and the five factors to be weighed in determining reliability of an identification, we conclude this out-of-court identification was reliable. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Guillot, 353 So.2d 1005 (La.1977). This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER 3
Defendant contends the trial court erred in permitting the State to ask leading questions of its own witness on direct examination. At trial, the State called Phillip King, defendant's father, as a witness. The State questioned Mr. King about the events of June 15 and 16, 1979. Phillip King stated that his family, including the defendant who lived with him, attended a wedding in New Orleans on Saturday, June 16. When asked if defendant went anywhere the Friday night before, Mr. King answered no. At this point, the State pleaded surprise and, in an attempt to impeach the witness, requested permission to ask leading questions. The trial court permitted the State to lead the witness.
No one can impeach his own witness, unless he has been taken by surprise by the testimony of such witness, or unless the witness shows hostility toward him, and, even then, the'impeachment must be limited to evidence of prior contradictory statements. La.R.S. 15:487. In this case, the assistant district attorney was attempting to impeach Mr. King, the State’s own witness, by showing he made a prior inconsistent statement to police about defendant’s activity on the night of the robbery.
By repudiating his earlier statement to police, Phillip King testified upon a material matter against the party introducing him and in favor of the other side. La.R.S. 15:488. State v. Brown, 414 So.2d 689 (La.1982). Thus, the prosecution could properly plead surprise and impeach its own witness through prior contradictory statements.
Furthermore, Louisiana law is clear that a party may not ask leading questions of his own witness unless the witness is unwilling or exhibits hostility to the party calling him. La.R.S. 15:277; State v. Fulmer, 263 La. 971, 270 So.2d 116 (La.1972). In this case, the record demonstrates that Phillip King was an unwilling witness. Thus, the trial court did not err in allowing the prosecution to ask leading questions of his own witness. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 4
Defendant contends that there was insufficient evidence to justify the guilty verdict returned by the trial judge. Despite the absence of a motion for an acquittal or a motion for a new trial, we will consider the evidence to determine whether it meets constitutional standards. State v. Woods, 435 So.2d 1137 (La.App. 1st Cir.1983). After reviewing the record and evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In this case, the defendant was charged and convicted of armed robbery, La.R.S. 14:64, which is defined in part as follows:
A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
The record clearly indicates that the State proved every essential element of the crime of armed robbery. The factual circumstances of this case unequivocally demonstrate that the defendant and a companion entered the Stop and Go armed with a gun, pointed the gun at the victim and then stole a certain amount of money from the cash register controlled by the Stop and Go employee. Thus, the elements of the crime were proven at trial. There is no merit to this assignment.
Having found no merit to any of the defendant’s assignments of error, we af *253 firm the defendant’s conviction and sentence.
AFFIRMED.