LOBRANO, Judge.
Defendant, Anthony Day, was charged by bill of information with the September 10, 1982 attempted armed robbery of Johnny Williams [La.R.S. 14:27, 14:64][1]. He was arraigned November 4, 1982 and pled not guilty. Defendant requested a jury trial. On February 22, 1983, a twelve man jury found the defendant guilty as charged by a unanimous vote.
*778 On March 10, 1983 defendant was sentenced as a multiple offender under La.R.S. 529.1 to the maximum term of ninety nine years at hard labor without benefit of probation or parole. Defendant committed the instant offense after escaping from the Department of Correction while serving a forty year sentence for a previous armed robbery.
Defendant has briefed no specific assignments of error. Assignments of error neither briefed nor argued are deemed waived on appeal. State v. Kenner, 384 So.2d 413 (La.1980). Defendant requests the court to review the record for errors patent as required by La.C.Cr.P. Art. 920(2). The recent case of State v. Raymo, 419 So.2d 858 (La.1982), also requires review of a record for “sufficiency of evidence” under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and State v. Edwards, 400 So.2d 1370 (La. 1981), regardless of whether counsel has moved for a directed verdict or a new trial or filed a formal assignment of error. Accordingly, this record has been so reviewed.
The bill of information was in proper form and signed by the district attorney. The trial court acted appropriately in that the defendant was present and represented by counsel at his arraignment, jury selection, trial and sentencing. The composition of the jury was proper as required by C.Cr.P. Art. 782 as well as the unanimous vote to convict. The verdict was responsive to the charge. The sentence was the maximum allowable by law and all appropriate delays were accorded the defendant in accordance with statutory parameters. As to the “sufficiency of the evidence”, the following facts and testimony were adduced at trial:
The defendant entered the Popeye’s Fried Chicken located at the corner of Tole-dano and South Claiborne Avenue in New Orleans on September 10, 1982 armed with a gun. He approached the security guard, Johnny Williams and demanded that Williams turn over his gun. Rather than surrender his weapon, Williams began firing at the defendant. In the course of the shooting, Williams shot the defendant and several other people. The defendant shot once at Williams missing him. In an attempt to flee, the defendant panicked and ran through the plate glass window. Williams ran after him firing two more times hitting the defendant both times. The defendant was found lying in the street a few blocks away with three gun shot wounds and lacerations of his hands and shoulders. In his possession were four — .38 caliber special live rounds of ammunition. In court identification was made of the defendant by the arresting officer, Claudia Neal; by Albert Hayes, a customer of Popeye’s at the time of the crime; by Cassandra Blatcher, the cashier and by Johnny Williams the security guard. The defense presented no witnesses.
After a careful review of the record we conclude there are no errors patent. Evidence presented at trial established that the defendant was armed with a revolver when he attempted to force the security guard to surrender his gun. Reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime of attempted armed robbery were proved beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Fuller, 414 So.2d 306 (La.1982). Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. R.S. 14:64
"Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation while armed with a dangerous weapon."
R.S. 14:27
“A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.”