CIACCIO, Judge.
Defendant, Stanley Britton, was charged with the crime of simple burglary and a jury found him guilty of attempted simple burglary. R.S. 14:62 and 14:27. He was sentenced to serve five (5) years at hard labor, with credit for time served. Following a multiple bill hearing, the court vacated the defendant’s original sentence and sentenced him, as a second offender, to serve seven (7) years at hard labor, with credit for time served. The defendant appeals his sentence relying upon one assignment of error. We affirm the defendant’s conviction and sentence.
On August 20, 1982 at approximately 10 a.m., Ms. Shiu-Lan Hwang arrived at the Golden Chopstick Restaurant where she was employed as an assistant manager. Upon opening the door to the restaurant she discovered that a window and its wooden shade cover, which were located in the right rear of the building, had been broken. Upon further investigation she realized that $175.00, which had been left under the cash register drawer on the preceeding night, was missing. Officer Mike Davis, a crime lab technician for the New Orleans Police Department was summoned to the *704 scene. Upon his arrival he dusted the broken glass for latent fingerprints and he found thirteen partial prints. An analysis of the prints by Officer John Burns revealed that five of the fingerprints matched those of the accused, Stanley Brit-ton. An arrest warrant was issued for Britton and he was subsequently arrested and charged with the offense of simple burglary.
The defendant contends that the trial court erred in enhancing his sentence after finding that he was a second offender. R.S. 15:529.1. In particular, the defendant argues that the 1979 guilty plea to a charge of burglary did not comply with constitutional safeguards, as he was not informed that by pleading guilty he was waiving his right to a trial by jury. (Emphasis Ours) Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Accordingly, he contends this conviction should not be used to enhance this sentence.
A constitutionally valid guilty plea requires an express and knowing waiver of the accused’s right to trial by jury, his right to confront his accusers and his privilege against compulsory self-incrimination. Boykin v. Alabama, supra; State ex rel. Jackson v. Henderson, supra. The state bears the burden of showing, that in the prior convictions which are used to enhance a sentence, that the defendant expressly and knowingly waived his constitutional rights. See: State v. Holden, 375 So.2d 1372 (La., 1979). In ascertaining whether the defendant has made a waiver which complies with constitutional safeguards, the court may consider the plea of guilty form along with the colloquy between the judge and the defendant. See: State v. Dunn, 390 So.2d 525 (La., 1980).
In State v. Age, the Supreme Court found that a general advisement of the right to trial did not show that the defendant made a knowing and voluntary waiver of his right to trial by jury. (Emphasis Ours). 417 So.2d 1183 (La., 1982), citing with approval State v. Santiago, 416 So.2d 524 (La., 1982). The Court reasoned as follows:
The waiver of rights form is deficient in that it did not adequately inform defendant of his right to trial by jury, nor did it adequately inform him of his privilege against self-incrimination.
[[Image here]]
As concerns the advisement of the right to trial by jury, the form only provides that the defendant had a “right to trial and free appeal if convicted” and that he “waives right to trial and free appeal by entering plea of guilty.” Thus, the form does not affirmatively show that defendant was either advised of his right to a jury trial or that he waived that right. A record only evidencing a general advisement of the right to trial and the waiver thereof does not affirmatively show that the defendant knowingly and voluntarily waived his right to trial by jury. State v. Santiago, 416 So.2d 524 (La.1982).
State v. Age, supra at 1189.
[[Image here]]
In the instant case, at the Multiple Bill hearing the State introduced into evidence, without objection, two copies of arrest registers (S-l & 2); a certified copy of prior convictions and attachments (S-3 & 4); a colloquy of the guilty plea to the 1979 burglary charge and the waiver of rights form regarding that offense. Our review of this evidence convinces us that the defendant was sufficiently informed of his right to a jury trial so as to result in a voluntary and knowing waiver of that right.
Although the waiver of rights form is couched in general terms in that it states “I understand that I have a right to trial and if convicted, a right to appeal ... ”, this deficiency is cured by the colloquy which took place between the judge and the defendant and defendant’s father, prior to the guilty plea. The trial judge informed Brit-ton as follows:
*705 EXAMINATION BY THE COURT:
Q. You realize that when you plead guilty you give up your right to a trial, to an appeal if the jury were to convict you, and your right to take the stand if you want and testify, to call your own witnesses, and to cross examine those people that testify against you? Do you understand that?
A. Yes, sir. (Emphasis Ours) [Tr 28-29]
We find that this language was adequate to inform the defendant that he had a right to a trial by jury, which right was waived with the entry of his plea of guilty. Since the defendant’s 1979 guilty plea was constitutionally valid, it formed the proper basis for an enhancement of his sentence in this case. La.R.S. 15:529.1. For these reasons, this assignment of error lacks merit.
Additionally, we have reviewed this record to ascertain whether the State has proven its case. The standard for this review is whether a rational trier of fact, when viewing the evidence in the light most favorable to the prosecution could have found that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Edwards, 400 So.2d 1370 (La., 1981).
The defendant was convicted of attempted simple burglary. La.R.S. 14:62 and 14:27. Any person who, having a specific intent to commit a crime, does or omits any act for the purpose of or tending directly towards the accomplishment of his object is guilty of an attempt to commit the offense intended. La.R.S. 14:27. The crime of simple burglary is “the unauthorized entering of any dwelling ... or other structure, movable or immovable, with the intent to commit a felony or theft therein.” La.R.S. 14:62. Thus, in order to convict a defendant of attempted simple burglary, the State must prove that (1) there was an attempt to enter a dwelling or other structure without authorization and (2) the entry was made with the intent to commit a felony or theft therein. When circumstantial evidence forms the basis for the conviction, that evidence must exclude every reasonable hypothesis of innocence. La.R.S. 15:438. State v. Donald Wayne Wright, 445 So.2d 1198 (La., 1984).
In this case Ms. Shiu Lan Hwang, the assistant manager of the Golden Chopstick Restaurant, testified that upon opening the restaurant on the morning of August 20, 1982 she discovered a broken window in the right rear of the building. There was glass inside and outside the building. There was also a piece of wooden screen which had been broken. She also observed that the cash register had been handled and $175 was missing from underneath the register drawer. She stated that she did not know the defendant nor had she ever seen him in the restaurant. These facts were corroborated by the owner of the restaurant, Ms. Shiu Whu Hwang.
Officer Mike Davis, a police crime lab technician, went to the scene of the crime to take photographs and collect evidence. He dusted the broken glass and lifted thirteen partial prints from both sides of the glass. The prints were placed on plastic laminate, sealed and sent to the Central Evidence Department. The prints were examined by Officer John Burns, an expert in the identification of fingerprints.
Officer Burns testified that “latent prints” are the marks left when the corrugated surface or “ridges” of the finger touch against a flat surface. These impressions occur because of oil and perspiration which exudes from the minute pores in those areas of the fingers. In this case, Officer Burns compared the ink impressions of the defendant’s fingerprints with the latent partial .prints removed from the crime scene. He found 5 of the 13 prints matched those of the defendant. These matching prints had from 8 to 12 points which were the same. Additionally, Officer Burns performed an in-eourt fingerprinting of the defendant. He used these inked prints to compare to those prints removed from the crime scene and he found 5 prints of the defendant matched those taken from the crime scene, and that they had the same number of points of *706 identification. This expert further testified that he had no doubt that the latent prints were those of the defendant. Further he stated that it is scientifically impossible for any two persons to have the same fingerprints.
Therefore, the totality of the evidence when viewed in the light most favorable to the prosecution satisfies this Court that any rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. That is, the State proved an attempt to enter the Golden Chopstick Restaurant without authorization and that the entry was made with the intent to commit a theft.
There was no evidence in the record that the defendant had ever visited this restaurant nor that he had innocently handled the subject window, which bore finger prints on both sides of the glass. The State’s evidence concerning the fingerprints was such that the jury could conclude beyond a reasonable doubt that this defendant had committed the unauthorized entry. Thus, the evidence presented at trial excluded every reasonable hypothesis of innocence.
Finally, we have reviewed this case for errors patent on the face of the record and our review reveals no such errors.
For the reasons assigned, the defendant’s conviction and sentence are affirmed.
AFFIRMED.