539 So.2d 752 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Ralph Joseph CARMON, Jr., Defendant-Appellant.
No. CR 88-726.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Alcede J. Gray, Lake Charles, for defendant-appellant.
Annette Roach, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FORET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Defendant, Ralph J. Carmon, Jr., was charged by bill of information with unauthorized use of a movable, a violation of La.-R.S. 14:68. He was convicted by a six member jury of attempted unauthorized use of a movable having a value in excess of $1,000.00 and was sentenced to serve 9 months in the parish prison. The sentence was suspended and defendant was placed on supervised probation for one year and ordered to pay a $750.00 fine. Defendant now appeals the conviction claiming that the evidence presented at trial was insufficient to support a conviction of attempted unauthorized use of a movable.

FACTS
On June 26, 1987, at about 6:30-7:00 p.m., defendant and his girlfriend, Theresa Walker, went to Lake Charles Nissan allegedly to purchase a car. He approached a salesman asking if he could test drive one of the cars, and keep it overnight. He was referred to another salesman, Todd Whitaker. Whitaker allowed defendant to test drive the car and gave defendant a voucher to purchase some gas. (The voucher was for either $3.00 or $5.00). Since the car had only two seats, Whitaker did not accompany Carmon and Walker on the drive. Whitaker claims to have told the pair the route to follow and that he expected them to return in 10-15 minutes. Whitaker testified that Carmon did not request to keep the car overnight.
About 3 hours later, defendant dropped Walker off at her car, which was parked across the street from the Nissan dealership. He then drove toward his home in Orange, Texas. Some Nissan employees saw Walker and questioned her about the incident. The police later apprehended Carmon in Sulphur, Louisiana, enroute to Orange, Texas. He claimed that he believed that he was given permission to keep the car overnight and planned to return it to Lake Charles Nissan the following morning.

ASSIGNMENT OF ERROR
Carmon contends that there was insufficient evidence to support his conviction as he did not have the requisite criminal intent to commit the crime. The standard of appellate review in cases involving challenges to the sufficiency of evidence is whether, *753 viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370, 1372 (La.1981).
La.R.S. 14:68 provides (in pertinent part):
"Unauthorized use of a movable is the intentional taking or use of a movable which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently."
La.R.S. 14:68 may be violated by taking or using another's property either without the consent of the owner, or by means of fraudulent conduct, practices, or representations. State v. Bias, 400 So.2d 650, 652 (La.1981). A person charged with a violation of R.S. 14:68 must be found to have the requisite criminal intent. Id. at 653.
The jury convicted Carmon of attempted unauthorized use of a movable. This is a lesser included offense of unauthorized use of a movable. La.R.S. 14:27 provides that an attempt requires the specific intent to commit the crime coupled with an overt act in furtherance of this goal. Since defendant was convicted of an attempt, the state needed to show that he had the specific intent to commit the crime. Specific intent is a state of mind, and need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Graham, 420 So.2d 1126, 1127 (La.1982).
In the present matter, the record indicates that Carmon intentionally took the property of Lake Charles Nissan without its consent. Employees of the dealership testified that only a few potential purchasers were allowed to keep cars overnight and to do so, specific authorization had to be given by the sales manager (who had to get clearance from the general manager). Whitaker was only a salesman and did not seek authorization since Carmon never asked if he could keep the car overnight. Even Carmon and Walker admit that Carmon did not get this permission. Carmon claims that the incident was just a misunderstanding. He basically argues that since Whitaker did not say that he could not keep the car overnight, it was implied that he could keep the car overnight. He thus contends that the requisite criminal intent is lacking. We find this argument unpersuasive.
Based upon this evidence, we hold that the jury properly found defendant to be guilty of attempted unauthorized use of a movable. His conviction and sentence are affirmed.
AFFIRMED.