PLOTKIN, Judge,
dissenting.
Contrary to the majority’s finding, I believe the record before this court does contain sufficient documentation to address the appellant’s claim with respect to his second assignment of error: the State presented no evidence to show that he had been advised of his right to jury trial prior to pleading guilty to the predicate offense. Because the record before this court contains the minute entry of the guilty plea to the predicate offense and its plea of guilty waiver of rights form, as well as the transcript of the multiple bill hearing, this claim should be addressed.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which were waived by a guilty plea: the privilege against self-incrimination, the right to trial by jury, and the right to confront one’s accusers. Because the purpose of advising a defendant of these three rights was to ensure that the defendant had adequate information to plead guilty intelligently and voluntarily, the Court announced its unwillingness to presume a waiver of these important right from a silent record. Boykin was adopted in Louisiana in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), and held to apply to all pleas of guilty taken subsequent to December 8, 1971.
In State v. Age, 417 So.2d 1183 (La.1982), on rehearing, the Court held the defendant was not adequately advised of his right to trial by jury where the minute entry of the guilty plea merely stated that the court interrogated the defendant as to whether he understood his constitutional rights and the waiver of rights form did not affirmatively show he was advised of his right to trial by jury. Similarly, in State v. Smith, *15 477 So.2d 875 (La.App. 4th Cir.1985), this Court found the minute entry deficient where it failed to advise the defendant of his right to a jury trial, although it did state he had a right to trial. (Compare State v. Britton, 450 So.2d 702 (La.App. 4th Cir.1984), where the waiver of rights form did not advise the defendant of his right to trial by jury, but the colloquy indicated the trial court advised the defendant of his right to appeal if a jury found him guilty.)
Here, the guilty plea waiver of rights form of the predicate offense (taken October 31,1979) did not advise the appellant of his right to trial by jury, but merely advised him: “I understand that by entering this plea of guilty I am waiving my right to trial, and my right to appeal if I were found guilty by trial.” The right to a jury trial was not mentioned elsewhere on the form. The minute entry of this guilty plea (his codefendant also pled guilty at that time) noted:
The Court advised both defendants that by entering pleas of Guilty they, the defendants, were waiving certain of their constitutional rights, which the Court explained to the defendants in detail. The defendants executed written waivers of these rights acknowledging that they had been fully advised of their rights and, after being so advised, maintained their pleas of Guilty.
The minute entry also did not mention a right to jury trial.
There is no indication in the transcript of the multiple bill hearing that the colloquy of the predicate guilty plea was introduced at that hearing. Therefore, from the evidence adduced at that hearing, the State failed to prove the appellant was advised of his right to jury trial prior to pleading guilty to the predicate offense. Thus, his adjudication and sentence as a multiple offender should be vacated and the case remanded for resentencing.