725 So.2d 515 (1998)
STATE of Louisiana, Appellee,
v.
James Ray MORVAN, Appellant.
No. 31,511-KA.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1998.
*517 Louisiana Appellate Project by J. Wilson Rambo, Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Assistant District Attorney, Counsel for Appellee.
Before MARVIN, HIGHTOWER and WILLIAMS, JJ.
HIGHTOWER, Judge.
After a jury found James Ray Morvan guilty as charged with the offense of possession of a firearm by a convicted felon, La. R.S. 14:95.1, the trial court imposed a fifteen-year hard labor sentence without benefit of probation, parole, or suspension of sentence, in addition to a fine of $1,000. Defendant now appeals his conviction and sentence. We affirm.

FACTS
On the evening of May 18, 1997, defendant stopped at the S & A Truck Stop in Keithville, Louisiana, in response to a phone call from his wife regarding trouble with her car. Being unable to start the vehicle, defendant removed a chrome .38 revolver, supposedly his spouse's gun, from the glove box. With the weapon in his pocket, he entered the store to purchase a beer. When he exited, Morvan first observed, and then began questioning, an individual who apparently had been looking inside the back of his, Morvan's, pick-up truck. One of the store customers, Robert Johnson, intervened to request that defendant leave the other man alone.
Thereafter, as Johnson and Morvan argued, they walked inside the truck stop. Unbeknownst to Johnson as he left the establishment, Morvan trailed him while holding a gun at his head. When defendant said, "I could have killed you then," Johnson turned around to see the weapon pointed in his face. The pair then continued their heated exchange of words. Another patron, Paul Barnett, approached the two men after they calmed down. When Barnett asked for the pistol, Morvan initially complied but soon took the weapon back before leaving the premises in his pick-up truck.
After receiving a call about a possible armed robbery at the S & A Truck stop and a description of Morvan's vehicle, Caddo Parish sheriff's deputies stopped defendant. When they noticed a gun on the front seat, the officers arrested Morvan on charges of illegal possession of a firearm by a convicted felon, aggravated assault, and third offense DWI. Trial of the firearms charge occurred almost a year later.

SUFFICIENCY OF THE EVIDENCE
Morvan first contends that the evidence does not exclude every reasonable hypothesis of innocence, and, thus, is insufficient to sustain his conviction. With the claim having been raised merely by assignment of error rather than by motion for post-verdict judgment of acquittal, however, this issue is not properly presented. See La. C.Cr.P. art. 821; State v. Hall, 624 So.2d 927 (La.App. 2d Cir.1993), writ denied, 629 So.2d 1182 (La.1993); Bates v. Blackburn, 805 F.2d 569 (5th Cir.1986), cert. denied, 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987). See also concurrence to State v. Green, 28,994 (La.App.2d Cir.02/26/97), 691 So.2d 1273, and authorities therein.
Even so, opting to address the assignment in this instance, our review discloses adequate support for the conviction. The criteria for evaluating sufficiency of the evidence is whether, upon viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). That standard, initially enunciated in Jackson and now legislatively embodied within La.C.Cr.P. art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Perry, 612 So.2d 986 (La.App. 2d Cir.1993).
To prove the illegal possession of a firearm by a convicted felon, the state must establish beyond a reasonable doubt that the *518 defendant possessed a firearm; that he had previously been convicted of an enumerated felony; that at the time of the present offense the ten-year statutory period had not elapsed from completion or suspension of the prior felony sentence; and general intent to commit the present offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983); State v. Tatum, 27,301 (La.App.2d Cir.09/27/95), 661 So.2d 657.
Contesting only the criminal intent element, defendant contends "[he] did not know ... [he was] committing a crime," because "... [he] thought it was seven years that you couldn't be around a firearm." At trial, he admitted both possession of the gun and an awareness that such conduct had been outlawed for convicted felons, but claimed to have misunderstood the ten-year statutory cleansing period involved. Obviously, this position lacks merit. Ignorance of the law is not a defense to any criminal prosecution. La. R.S. 14:17. Further, Morvan's admission that he carried the gun in his pants pocket sufficiently reflects the requisite general intent. State v. Neeley, 30,008 (La.App.2d Cir.12/23/97), 704 So.2d 443; State v. Woods, 94-2650 (La.App. 4th Cir.04/20/95), 654 So.2d 809, writ denied, 95-1252 (La.06/30/95), 657 So.2d 1035. We accordingly reject this argument.

PREJUDICIAL EVIDENCE
Relying upon Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), defendant argues that the trial court erroneously allowed the prosecution to introduce evidence regarding his prior conviction of attempted purse snatching after he had sought to stipulate his status as a convicted felon.
By Motion in Limine, Morvan requested that the court allow him to enter such a stipulation and that the jury not be told of the predicate offense in that its probative value would be substantially outweighed by the danger of unfair prejudice. See La. C.E. art. 403. The state objected, maintaining that Old Chief had been decided under the federal firearms statute which encompassed all felonies with sentences of one year or greater, while La. R.S. 14:95.1 extended to a more limited list of felonies. Despite denying the motion, the trial court cautioned the jury to consider the prior-conviction evidence only with respect to the elements of the present charge and not as an inference of defendant's "bad character." During trial, Morvan testified and admitted the prior conviction.
The trial court did not abuse its discretion. Evidence of a defendant's previous conviction is admissible as proof of an essential element of the crime of illegal possession of a firearm. State v. Sanders, 357 So.2d 492 (La.1978).
Moreover, the Old Chief decision noted that the risk of unfair prejudice "will vary from case to case." 519 U.S. 172, 117 S.Ct. at 652. With the defendant in that instance on trial for being a felon in possession of a firearm, assault with a dangerous weapon, and using a firearm in a crime of violence, the Supreme Court found a heightened risk of improper considerations tainting the verdict. In explaining that determination, the court noted:
Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious, and Old Chief sensibly worried that the prejudicial effect of his prior assault conviction, significant enough with respect to the current gun charges alone, would take on added weight from the related assault charge against him. [Emphasis added.]
Id.
The court further observed that all prior felony convictions should not be viewed in the same light, stating:
It is true that a prior felony offense may be so far removed in time or nature from the current gun charge and any others brought with it that its potential to prejudice the defendant unfairly will be minimal. Some prior offenses, in fact, may even have potential to prejudice the Government's case unfairly. Thus, an extremely old conviction for a relatively minor felony that nevertheless qualifies under the statute might strike many jurors as a foolish basis for convicting an otherwise upstanding *519 member of the community of otherwise legal gun possession.
Old Chief, 117 S.Ct. at 652, n. 8.
Applying that rationale to the present case, we find the crime of attempted purse snatching, while classified as a "crime of violence" under La. R.S. 14:2(13), to be sufficiently dissimilar from the present crime that the risk of unfair prejudice is minimal and unlikely to result in a conviction based upon inappropriate grounds or improper consideration of the predicate offense. Beyond that, the trial court's limiting instructions to the jury and Morvan's testimony at trial greatly remedied any risk of unfair prejudice. This assignment does not warrant reversal.

MISTRIAL
Defendant also argues that the trial court erred in denying his motion for mistrial when a deputy referred to a DWI charge stemming from the same incident. In her rebuttal testimony, Deputy Brice stated that she answered a call on an armed robbery, but learned upon arrival at the scene that the problem involved a disturbance with a weapon and a DWI charge. Defense counsel then asked for a mistrial, under La.C.Cr.P. art. 770, based upon the officer's comment. Observing that the statement had been inadvertent and did not disclose defendant's arrest for DWI, the trial court denied the motion.
We agree. Mistrial is a drastic remedy which is warranted only when substantial prejudice would otherwise result to the accused. State v. Harris, 28,517 (La.App.2d Cir.08/21/96), 679 So.2d 549, writ denied, 96-2954 (La.09/26/97), 701 So.2d 975. In the present case, when asked for a general description of the reasons she was called out, Deputy Brice unresponsively set forth greater detail about the situation. Basically she explained that "there was also a DWI charge," but indicated nothing other than that fact.
This unsolicited and unresponsive testimony is not chargeable against the state as grounds for reversing the conviction. See State v. Harris, supra. Because such an officer is not a court official under the provisions of La.C.Cr. P. art 771, see State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985), Morvan's attorney should have alternatively sought an admonishment for the jury to disregard the statement. See La. C.Cr.P. art. 770.
Moreover, defendant did not object to other testimony referring both to his intoxicated state at the time of the incident and his submission to chemical testing after arrest. Considering this cumulative evidence and the nature of the officer's statement, the remark in question did not substantially prejudice Morvan or deny him a fair trial.

EXCESSIVE SENTENCE
In a timely motion to reconsider and now by assignment of error on appeal, defendant contends that his maximum fifteen-year term of hard labor imprisonment is excessive. After reviewing the trial court's articulation of reasons in accordance with the jurisprudential analysis, see State v. Jackson, 29,470 (La.App.2d Cir.08/20/97), 707 So.2d 990, we cannot agree.
Despite Morvan's claim that the record contains an insufficient factual basis for the sentence, we find adequate compliance with La.C.Cr.P. art. 894.1. In sentencing defendant, the court clearly articulated its consideration of defendant's personal and family history, including his marital status and family obligations. The court noted that defendant's prior criminal record included a manslaughter conviction, third offense DWI, other DWI convictions, and the predicate offense of attempted purse snatching. Taking into account the seriousness of the present offense, especially in light of the fact that Morvan pointed a gun to the head of an individual, the trial court determined that a lesser sentence would deprecate that seriousness. The record thus shows an adequate factual basis for the sentence imposed.
Neither is the sentence too severe. Maximum terms of imprisonment are appropriate as a general rule only in cases involving the most serious violations and the worst types of offenders. State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir. 1988). Defendant's multiple felony status, including two violent-crime convictions and at least three DWI dispositions, show a continued propensity for illegal activity and a failure to benefit from prior leniency. Along *520 with his obvious predilection toward alcohol, defendant has demonstrated an inclination toward violence by using a gun to threaten someone's life. Such actions clearly magnify the potential for serious injury or death. Under the totality of the circumstances, the trial court's chosen penalty does not shock our sense of justice and is not inappropriate for this offender.

ERROR PATENT
We note, through error patent review, that the trial judge failed to advise defendant adequately that the three-year prescriptive period concerning post-conviction relief does not begin to run until the judgment is final. See La.C.Cr.P. art. 930.8. This apparent oversight, however, is not grounds for reversal. La.C.Cr.P. art. 921. Even so, inasmuch as the required notice is designed to apprise the defendant in advance about the statutory time limitation, the district court is hereby directed to send appropriate written notice to Jackson within ten days of the rendition of this opinion and then file, in the record, proof that the defendant received such notice. Cf. State v. Lofton, 26,732 (La.App.2d Cir.01/25/95), 649 So.2d 148; State v. Brown, 628 So.2d 207 (La.App. 2d Cir.1993).
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.