733 So.2d 1 (1998)
STATE of Louisiana, Appellee,
v.
Ricko C. BALL, aka Rico C. Ball, Appellant.
No. 31515-KA.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1998.
Writ Granted June 25, 1999.
*2 Peggy Sullivan, Louisiana Appellate Project, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Traci Moore, Assistant District Attorneys, Counsel for Appellee.
Before NORRIS, CARAWAY and PEATROSS, JJ.
NORRIS, Judge.
Ricko C. Ball was charged with possession of a firearm by a convicted felon, La. R.S. 14:95.1. A jury found him guilty as charged and the District Court sentenced him to 13 years at hard labor without benefit of probation, parole or suspension of sentence, and assessed a $1,000 fine. Ball now appeals, advancing five assignments of error. For the reasons expressed, we affirm.

Factual background
Early on the morning of November 4, 1996 Mary Upton was awakened by her son, who noticed that her Plymouth minivan was not in the driveway where she parked it the night before. When they went out to inspect, they discovered that not only was the minivan missing, but the son's Ford pickup had been broken into. Missing from the truck were the son's stereo equipment (speakers, amp, EQ and cross over) and Mary's shotgun and rifle, which she had loaned to her son. Ms. Upton called 911 to report the incident.
About three hours later, Shreveport Police Corporal Bobby Wilbert spotted a tan minivan matching Ms. Upton's description and tags. The driver, after refusing to stop, led police on a high-speed chase down Murphy Street, ran into a ditch, and then fled on foot; Cpl. Wilbert apprehended him by the Interstate wall. The driver was defendant Ricko Ball. In plain view on the floorboard of the minivan, on the front passenger side, police found the rifle and shotgun that Ms. Upton later identified as her property. Ms. Upton also found that the key in the minivan's ignition was a spare that her son stored in the ashtray of his truck.
Police did not obtain latent fingerprints from the guns because the process would have damaged them. However, Sergeant Mark Rogers testified that prints lifted from the Ford truck, from which the guns were taken, matched exemplars given by Ricko Ball in open court. Police also learned that Ball had pled guilty to simple burglary of an inhabited dwelling in Bossier Parish in 1993.
Ball was billed for possession of a firearm by a convicted felon. He filed a motion in limine to preclude the State from *3 referring to the prior conviction at trial; he formally offered to stipulate "the validity and/or truth of the predicate offense." Prior to trial the District Court denied the motion, as well as an oral motion to delete the prior offense from the reading of the bill of information. The 12-member jury unanimously found Ball guilty as charged.

Discussion: Sufficiency of the evidence
By his third assignment Ball contests the sufficiency of the evidence to convict him of possession of a firearm by a convicted felon. He specifically urges there was no proof that he knew the guns were in the van. Motion for post verdict judgment of acquittal was filed and denied.
The appellate standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. State v. Daniels, 614 So.2d 97 (La.App. 2 Cir.), writ denied 619 So.2d 573 (1993). An appellate court reviewing the evidence in such cases must resolve any conflict in the direct evidence by viewing the evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Spencer, 29,993 (La.App. 2 Cir. 1/21/98), 707 So.2d 96, and citations therein.
Possession of a firearm by a convicted felon requires proof of: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the 10-year period of limitation; and (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983); State v. Tatum, 27,301 (La.App. 2 Cir. 9/27/95), 661 So.2d 657. Constructive possession is sufficient to satisfy the first element. State v. Day, 410 So.2d 741 (La.1982); State v. Wesley, 28,941 (La.App. 2 Cir. 12/13/96), 685 So.2d 1169. Constructive possession occurs when the firearm is subject to a defendant's dominion and control, even if only temporarily. State v. Wesley, supra. Mere presence in the area where the firearm is found, or mere association with someone else who is in possession of the firearm, does not necessarily establish possession. State v. Fisher, 94 2255 (La.App. 1 Cir. 12/15/95), 669 So.2d 460, writ denied 96-0958 (La.9/20/96), 679 So.2d 432. Moreover, constructive possession contains an element of awareness, or knowledge that the firearm is there and general intent to possess it. State v. Evans, 29,675 (La.App. 2 Cir. 9/24/97), 700 So.2d 1039, writ denied 97-2942 (La.1/9/98), 705 So.2d 1121, and citations therein.
The State did not prove by direct evidence that Ball had actual possession of the shotgun and rifle. Ball correctly argues in brief that no one saw him remove them from the truck or carry them to the minivan; they were not on his person when he was arrested. Because no fingerprints were lifted from the weapons, there was no expert evidence that he had handled them. Ball posits the hypothesis that unbeknownst to him, the guns may have been stowed under the front passenger seat or on the rear floorboard of the minivan, and only slid into plain view when he crashed into the ditch.
The theory is creative but unpersuasive. Ms. Upton testified without contradiction that around midnight before the incident, her guns were inside her son's truck. Early the next morning she discovered that the truck had been broken into, and her minivan parked in front of it stolen; the spare key taken from the truck had been used. Ball's fingerprints were recovered from the driver's side window of the *4 truck. Ball himself was found driving the minivan, and the guns were within his reach on the floor. This creates the irresistible inference that he picked up the guns and drove off. When spotted by police, Ball sped off at 70-80 miles per hour down Murphy Street, ditched the minivan and fled on foot, all circumstances from which the jury could safely infer some guilty knowledge. See State v. Stacy, 27,136 (La.App. 2 Cir. 12/20/96), 686 So.2d 949, and citations therein.
In short, the direct and circumstantial evidence presented was sufficient to support every essential element of the offense and to exclude any reasonable hypothesis of innocence. This assignment lacks merit.

The Motion in limine
By his first and second assignments Ball urges the District Court erred in denying his motion in limine to preclude the State from referring to the prior conviction, and in allowing the State to argue the nature and facts of that conviction at trial. Ball contends that the court should have accepted his admission of the predicate felony conviction; refusing to do so, and permitting the State to mention it at trial, was unduly prejudicial and confused the jury. The argument is based on the recent Federal Supreme Court opinion of Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).
The defendant in Old Chief had a prior conviction for assault causing serious bodily injury; in 1993, he was charged with various federal crimes, including being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). He sought a pre-trial ruling to prohibit the government mentioning or offering any evidence of his prior conviction; in exchange, he offered to stipulate to it. The prosecutor refused to do so, and the District Court refused to grant the defendant's motion; the government introduced the prior judgment of commitment in evidence. The jury found Old Chief guilty as charged, and the Court of Appeals affirmed.
The Supreme Court granted the defendant's writ and reversed the conviction. Without broaching Constitutional issues, the court closely analyzed the statute of conviction, which provides in pertinent part:
It shall be unlawful for any person * * * who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, * * * to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. (Emphasis added)
The majority held that because this statute refers only to a conviction and the length of sentence, evidence of the name and nature of the offense was not admissible. 519 U.S. 172, 117 S.Ct. at 649.
The majority then accepted Old Chief's argument that evidence of a prior conviction could result in "unfair prejudice," i.e., a tendency to lure the trier of fact into finding guilt on a ground different from proof specific to the offense charged. See F.R. Ev. Art. 404(b). The court considered the countervailing principles: (1) the prior offense is unquestionably an essential element of 18 U.S.C. § 922(g)(1); (2) the prosecution traditionally has broad discretion in the manner of presenting evidence; and (3) the prosecution's "burden of persuasion" is normally better served by evidence which "tells a continuous story" rather than a defense stipulation. The court weighed these probative factors against the risk of unfair prejudice, as required by F.R. Ev. Art. 403, and concluded that with the "peculiarities of the element of felony-convict status" under § 922(g)(1), there is "no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence." 519 U.S. 172, 117 S.Ct. at 655.
*5 The court therefore held that in a § 922(g)(1) case, the government may not reject the defendant's offer to stipulate the prior conviction, and at any rate, evidence of the name and nature of the prior conviction was inadmissible. Ball argues that the logic of Old Chief is determinative of the instant case. The contention appears to be res nova in a Louisiana case involving R.S. 14:95.1.[1]
We note at the outset that the majority's opinion in Old Chief was premised not on overarching Constitutional principles that are binding on the states, but rather on specific features of 18 U.S.C. § 922(g)(1). By strict construction the majority could find that the federal statute specified only a prior conviction and a sentence over one year, thereby showing legislative intent to avoid mention of the particular crime.[2] The Louisiana statute, by contrast, defines the crime by specific mention of the prior offense:
It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(13) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, * * * to possess a firearm or carry a concealed weapon. (Emphasis added)
Under this statute, the Louisiana Supreme Court has held that evidence of the enumerated prior felony convictions is admissible. State v. Sanders, 357 So.2d 492 (La.1978). Even in light of Old Chief, we are not persuaded to re-interpret it in such a way as would "read out" the reference to the prior conviction. It appears to be required. See State v. Garrison, 400 So.2d 874 (La.1981); State v. Hawkins, 97-726 (La.App. 3 Cir. 10/29/97), 702 So.2d 1121.
This conclusion is fortified by the fact that in many reported cases arising under 14:95.1, the defendants offer, and the prosecutors agree to accept, a stipulation regarding the prior conviction. See, e.g., State v. Sanders, supra; State v. Williams, 93-0251 (La.App. 4 Cir.1994), 637 So.2d 1230; State v. Williams, 470 So.2d 356 (La.App. 5 Cir.1985); State v. Bell, 439 So.2d 1163 (La.App. 4 Cir.1983). In each of these cases, not only did the parties stipulate to the prior conviction, the State also introduced documentary evidence thereof. In short, we cannot accept Ball's contention that if the stipulation were accepted, the trial would be purged of any and all reference to his prior conviction. The cases appear to allow both.
Finally, we note that the District Court gave the following limiting instruction:
Mr. Rico Ball is alleged to have possessed a firearm after having been convicted of a felony, namely, simple burglary of an inhabited dwelling. You are instructed that you may consider evidence regarding the simple burglary of an inhabited dwelling conviction only with respect to whether that element of prior conviction of an enumerated felony has been proven for purposes of the charge for which the defendant is now on trial. That is to say, you should not infer or conclude any negative impression solely and only because you may believe that the defendant has a prior felony conviction. R.p. 314.
This instruction appears to answer the problems of "unfair prejudice" discussed in Old Chief, supra, and to track the analysis in State v. Batiste, 96-2203 (La.App. 4 Cir. 10/22/97), 701 So.2d 729. We therefore do not find that denial of the motion in limine or the admission of evidence of the prior conviction was erroneous. These assignments lack merit.

Excessive sentence
By his fourth assignment Ball urges the District Court erred in imposing *6 an unduly harsh and excessive sentence. He concedes that trial counsel did not file a motion for reconsideration of sentence in the trial court as required by La.C.Cr.P. art. 881.1. The failure to file this motion relegates the defendant to a review for constitutional excessiveness only. State v. Mims, 93-0808 (La.6/18/93), 619 So.2d 1059; State v. Park, 30,394 (La.App. 2 Cir. 2/25/98), 707 So.2d 1058.
A sentence within statutory limits may nevertheless violate the defendant's right against excessive punishment. La. Const. Art. I, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutional if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
Before passing sentence, the court stated that Ball had committed a number of other, uncharged felonies in the course of this offenseburglary of Ms. Upton's truck, theft of guns and stereo equipment, and theft of the minivan. He then led police on a high-speed chase through a residential area, endangering innocent bystanders. He damaged the truck when he drove it into the ditch. The court also noted that Bossier Parish officials had dismissed two felony charges when Ball pled to simple burglary of an inhabited dwelling, and that at the time of the instant sentencing, Ball had three outstanding charges of simple burglary, all involving breaking into people's trucks. Given Ball's propensity to make a life of breaking and entering, the court was entitled to find that correctional treatment was needed.
The penalty for possession of a firearm by a felon is a minimum of 10 and a maximum of 15 years at hard labor, all without benefit, and a fine of from $1,000 to $5,000. R.S. 14:95.1 B. In light of Ball's extensive history of similar offenses, and the circumstances of the instant offense, the midrange sentence of 13 years does not shock our sense of justice. We do not find reversible error.
By a final assignment Ball urges that he received ineffective assistance of counsel in that his trial counsel failed to move for reconsideration of sentence or to object to the sentence as excessive. In brief he contends there was no conceivable strategic reason for trial counsel to omit the mandatory motion, and argues that such omission creates a strong inference of ineffective assistance. State v. Hayes, 97-1526 (La.App. 1 Cir. 5/15/98), 712 So.2d 1019.
The normal rule, however, is that claims of ineffective assistance are more suited to application for post conviction relief in the District Court, where a full evidentiary hearing may be conducted. State v. Prudholm, 446 So.2d 729 (La. 1984); State v. Seay, 521 So.2d 1206 (La. App. 2 Cir.1988). On the instant record we cannot declare that trial counsel was ineffective as defined in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Unlike the defendant in Hayes, supra, Ball did not receive a life sentence, or even a maximum sentence, but a midrange sentence. Moreover, the District Court reviewed the PSI in light of the art. 894.1 factors. R.p. 332. At this juncture we do not find that trial counsel's inaction created a reasonable probability of a different result. This assignment lacks merit.

Conclusion
We have reviewed the entire record in accord with La.C.Cr.P. art. 920(2) and find nothing we consider to be error patent. Ricko Ball's conviction and sentence are therefore affirmed.
AFFIRMED.
NOTES
[1] See also, State v. Morvan, 31,511 (La.App. 2 Cir. 12/9/98), 725 So.2d 515, also decided today.
[2] Justice O'Connor dissented from this holding, and was joined by three other justices.